Mr. Chief Justice Chase
delivered the opinion of the court:
This is an appeal from a judgment of the Court of Claims in favor of the claimant, under the abandoned and captured property ” act.
It appears from the certificate of the court that no aid or comfort was given by the claimant to the rebellion against the United States. It appears, further, that a large quantity of cotton, including, as alleged, 73 bales belonging- to the claimant, was sold and the proceeds thereof paid into the Treasury. The only question in the case is, whether these 73 bales were in fact so included.'
They were in the possession of the quartermaster in charge of abandoned and captured property at Atlanta, in October, 1804. This quartermaster in that month shipped to the officer in charge of military railroad transportation at Nashville, 130,-GOo pounds of cotton: but whether the cotton of the claimant was included in the shipment is not shown. It seems, however, that the officer in charge turned over to the Treasury agent at Nashville 1,382 bales and a large quantity of loose cotton, coming from Atlanta, Chattanooga, and points beyond Chattanooga, in Georgia. The cotton received by this agent was forwarded to the supervising agent at Cincinnati, and sold by him, and the proceeds paid into the Treasury.
It is shown that in the month of December, 1864, there was a sale of cotton at Cincinnati, and sundry bales of cotton marked with the claimant’s mark were sold. Whether the person conducting- the. sale was the supervising agent of thé Treasury Department does not appear. Presuming, however, that the officers of the Government performed-their duty, there can be *278 no doubt that the quartermaster at Atlanta forwarded to the officer in charge of military railroad transportation the cotton of the claimant, and that this officer turned over the cotton to the agent at Nashville, by whom it was forwarded to Cincinnati and sold by the supervising agent there. The presumption in this case is strengthened by the fact that heavy statutory penalties would be incurred by neglect of duty. There is nothing in the case to repel this presumption. If any evidence to this effect exists, it must be contained in the books of the Treasury Department, and these are under the control of the defendants.
We think, therefore, that the conclusion of the Court of Claims, that the proceeds of the 73 bales of cotton belonging to the claimant were paid into the Treasury, and that the claimant was entitled to judgment, was right.
Its judgment in favor of the claimant must, therefore, be affirmed.